# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HARVEY MAHLER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| VITAMIN SHOPPE INDUSTRIES, INC. | ) | |
| d/b/a THE VITAMIN SHOPPE | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Vitamin Shoppe Industries, Inc. d/b/a The Vitamin Shoppe ("The Vitamin Shoppe"), by and through its undersigned attorney, pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1441, and 28 U.S.C. §1446, hereby submits this Notice of Removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, The Vitamin Shoppe states as follows:

1. The Vitamin Shoppe is the only named defendant in the action Plaintiff filed on May 10, 2019, in the Circuit Court of Cook County, Illinois, Docket No. 2019 L 005120 styled *Harvey Mahler v. Vitamin Shoppe Industries, Inc. d/b/a The Vitamin Shoppe.*

2. Plaintiff filed this lawsuit seeking damages for personal injuries that he alleges he suffered after using supplements purchased from The Vitamin Shoppe. (Ex. A, Complaint ¶ 1).

3. According to the Complaint, Plaintiff Harvey Mahler is a resident of Evanston, Illinois. (Ex. A, Complaint ¶ 3).

4. According to the Complaint, Vitamin Shoppe Industries, Inc. is a New York corporation. (Ex. A, Complaint ¶ 4). According to the corporation records maintained by the State of New York, Vitamin Shoppe Industries, Inc. has it "Principal Executive Office" in Secaucus,

New Jersey. (Ex. B, NYS Department of State, Division of Corporations Report of June 10, 2019)[1]. This Court can take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes documents contained in the public record. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018). As such, this Court can take judicial notice that the principal place of business of The Vitamin Shoppe is New Jersey.

5. This matter is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441.

6. This is a civil action between citizens of different states. Plaintiff is a citizen of Illinois. Under 28 U.S.C. § 1332(c)(1), The Vitamin Shoppe is a citizen of New Jersey and New York.

7. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Complaint seeks damages "in excess of $50,000." (Ex. A, Complaint pp. 13-14). In addition, in a letter dated March 5, 2019, Plaintiff claimed to have incurred "medical and prescription bills for Mr. Mahler related to our claimed injuries totaling $85,815," and further indicated that the total was "not a complete accounting." (Ex. C). As such, by the preponderance of the evidence, the amount in controversy exceeds the jurisdictional limit.

8. Pursuant to 28 U.S.C. § 1446(b)(1), The Vitamin Shoppe files this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

9. As noted above, Plaintiff filed the Complaint on May 10, 2019, and had previously

---

[1] Available at https://www.dos.ny.gov/corps/bus_entity_search.html.

asked The Vitamin Shoppe's undersigned counsel if he would "except [sic] service for The Vitamin Shoppe." (Ex. D at 2).

10. Despite agreeing to accept service, counsel for The Vitamin Shoppe did not receive a copy of the Complaint and summons or waiver of service of summons. On May 22, 2019, counsel for The Vitamin Shoppe inquired about the filing of the Complaint. (Ex. D at 2).

11. By responsive email of May 23, 2019, Plaintiff's counsel indicated that "the case has been filed" and service had been requested. (Ex. D at 1). After further inquiry, Plaintiff's counsel indicated on May 30, 2019, that the complaint was "out for service." (Ex. D at 1).

12. Counsel for The Vitamin Shoppe was not subsequently served with the Complaint. Instead, counsel for The Vitamin Shoppe independently obtained a copy of the Complaint. In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings are attached as Exhibit A.

13. Written notice of the filing of this Notice of Removal has been served upon Plaintiff's counsel.

14. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

Dated: June 10, 2019                                     Respectfully submitted,


                                                         By:    /s/ Christopher S. Hennessy
                                                                One of the Attorneys for Defendant


Christopher S. Hennessy (6237293) chennessy@cozen.com
COZEN O'CONNOR
123 N. Wacker Drive Suite 1800
Chicago, IL 60606
Telephone: (312) 474-7900

## **CERTIFICATE OF SERVICE**

I, Christopher S. Hennessy, hereby certify that on June 10, 2019, I caused to be served a true and correct copy of the foregoing **Notice of Removal** upon the following counsel:

Eric Terry
TorHoerman Law LLC
210 South Main Street
Edwardsville, Illinois 62025
P: (618) 656-4400
F: (618) 656-4401
eric@thlawyer.com

via email and by depositing the copy, postage prepaid, in the U.S. Mail chute located 123 N. Wacker Drive, Chicago, Illinois 60606 on or before 5:00 p.m.

/s/ Christopher S. Hennessy