FILED
5/10/2019 12:56 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L005120

FILED DATE: 5/10/2019 12:56 PM   2019L005120

**12-Person Jury**

Atty. No.: 45776

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| HARVEY MAHLER, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: |
| vs. | ) |
| | ) |
| VITAMIN SHOPPE INDUSTRIES, INC. | ) JURY TRIAL DEMANDED |
| d/b/a THE VITAMIN SHOPPE, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Harvey Mahler, through his attorneys, TorHoerman Law LLC, complains and alleges on personal knowledge as to Plaintiff's acts and on information and belief as to all other allegations against the Defendant, Vitamin Shoppe Industries, Inc. d/b/a The Vitamin Shoppe ("Defendant").

**PRELIMINARY STATEMENT**

1. This action arises from injuries Plaintiff sustained as a result of exposure to toxins, including arsenic, cadmium, and lead, which were in Defendant's vitamin supplement.

2. The manner in which the vitamin supplement was manufactured rendered it defective. The design of the vitamin supplement rendered it defective. The lack of adequate warnings accompanying the vitamin supplement rendered it defective. The manner in which the warnings about the risks of injuries related to toxins were communicated to Plaintiff rendered it defective. Defendant failed in its acts and omissions related to the vitamin supplement to use reasonable care to avoid injuring Plaintiff. Defendant breached implied and express warranties accompanying the sale of the vitamin supplement to Plaintiff. The defective nature of the vitamin supplement and Defendants' negligent conduct and breach of implied and express warranties

**Exhibit A**

Atty. No.: 45776

proximately caused the Plaintiff to develop severe and permanent injuries.

## PARTIES

3.　At all times relevant hereto, Plaintiff Harvey Mahler was a resident of Evanston, Illinois.

4.　Defendant The Vitamin Shoppe Industries, Inc. is a New York corporation licensed to do business in the State of Illinois. Defendant does business in, and derives substantial revenue from, Cook County, Illinois. Defendant designed, patented, manufactured, labeled, marketed, distributed, and sold vitamins under the brand name 'One Daily Men's 50+' for use by consumers, similar to Plaintiff.

5.　At all times relevant hereto, Defendant operated a retail vitamin store located at 9410 North Skokie Boulevard, Skokie, Illinois in Cook County, Illinois.

## FACTUAL ALLEGATIONS

6.　Defendant designed, manufactured, promoted, distributed, labeled, and marketed a vitamin supplement under the trade name 'The Vitamin Shoppe One Daily Men's 50+' (the "Vitamin Supplement").

7.　On or about June 25, 2017, Plaintiff purchased two bottles of the Vitamin Supplement from The Vitamin Shoppe store located at 9410 North Skokie Boulevard, Skokie, Illinois.

8.　After purchasing the Vitamin Supplement, Plaintiff began taking the Vitamin Supplement pills daily per the product's instructed use. Shortly thereafter, Plaintiff began experiencing several new medical problems, including, but not limited to, numbness in extremities, burning sensation in feet, weakness in hands, headaches, slurred speech, mental confusion, tremors, high blood pressure, and vision issues. Subsequently, Plaintiff was diagnosed with several

FILED DATE: 5/10/2019 12:56 PM　2019L005120

Atty. No.: 45776

medical problems, including kidney damage, which required surgery and stent placement, and nerve damage.

9. Laboratory testing shows that the Vitamin Supplement Plaintiff purchased and ingested contained unsafe levels of arsenic, cadmium, and lead. The Vitamin Supplement ingredient label does not list arsenic, cadmium, or lead.

10. Arsenic, cadmium, and lead are known toxins to humans.

11. Defendant knew or should have known of the dangerous propensities of arsenic, cadmium, and lead to cause significant injuries to humans. This knowledge was reasonably and scientifically knowable through appropriate research and testing by known methods, when Defendant marketed, distributed, and sold the Vitamin Supplement. With that knowledge, Defendant should have taken steps to ensure that the Vitamin Supplement lacked arsenic, cadmium, or lead or levels of arsenic, cadmium, and lead toxic to humans.

12. As a result of the Vitamin Supplement containing arsenic, cadmium, and lead at levels toxic to humans, Plaintiff suffered numerous and permanent injuries for which he has required, and will continue to require, medical attention and treatment.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209(a)(1-3) because Defendant transacts business, committed a tortious act, and has ownership, use, and/or possession of real estate in Skokie, County of Cook, and the State of Illinois. In addition, this Court has jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209(b) because it is a corporation doing business within the State of Illinois.

FILED DATE: 5/10/2019 12:56 PM 2019L005120

Atty. No.: 45776

## CAUSES OF ACTION

### COUNT 1
### MANUFACTURING DEFECT

14. In the ordinary course of its business, Defendant designed, manufactured, labeled, supplied, and distributed, and sold the Vitamin Supplement for use by Plaintiff.

15. The Vitamin Supplement was defective in that it was produced in a substandard condition, the end product differed from the intended end product, and the product departed from the intended design. The product was defective because it was in a condition that contained levels of arsenic, cadmium, and lead capable of causing medical problems, including, but not limited to, kidney damage, nerve damage, numbness in extremities, burning sensation in feet, weakness in hands, headaches, slurred speech, mental confusion, tremors, high blood pressure, and vision issues.

16. The health risks associated with the Vitamin Supplement were not open and obvious or of a type that is a matter of common knowledge. Defendant knew or should have known the Plaintiff, as well as other similarly situated, did not and would not comprehend the dangerous condition of the Vitamin Supplement.

17. As a result of these manufacturing defects, the Vitamin Supplement was unreasonably dangerous. The Vitamin Supplement was dangerous to an extent beyond that which would be contemplated by the ordinary person who used the Vitamin Supplement, with the ordinary knowledge common to the community as to its characteristics. Such an ordinary person with such knowledge would not contemplate the Vitamin Supplement could cause injuries.

18. The Vitamin Supplement was in this defective and unreasonably dangerous condition at the time the product left Defendant's control

19. The Vitamin Supplement was in this defective and unreasonably dangerous

4

Atty. No.: 45776

condition when the Plaintiff was exposed to the Vitamin Supplement.

20. Plaintiff used the Vitamin Supplement in a reasonably foreseeable manner and for the purposes for which the Vitamin Supplements was supplied.

21. As a proximate result of the condition of the Vitamin Supplement and Plaintiff's ingestion of the Vitamin Supplement, the Plaintiff suffered severe medical problems, including, but not limited to, kidney damage, nerve damage, numbness in extremities, burning sensation in feet, weakness in hands, headaches, slurred speech, mental confusion, tremors, high blood pressure, and vision issues. Plaintiff endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

## COUNT 2
## STRICT LIABILITY- FAILURE TO WARN

22. Plaintiff incorporates the preceding paragraphs of this Complaint.

23. Defendant failed to warn adequately of the risks of Vitamin Supplement both in what risk information it conveyed and in the manner in which they conveyed risk information.

24. Defendant failed to adequately warn Plaintiff of the potential risks and hazards associated with the Vitamin Supplement.

25. Defendant failed to provide appropriate and adequate warnings and instructions to render the Vitamin Supplement reasonably safe for its ordinary, intended, and reasonably foreseeable uses.

26. Defendant failed to adequately communicate adequate warnings to Plaintiff of the potential risks and hazards associated with Vitamin Supplement use.

27. Defendant failed to use labeling and methods of communication other than labeling to adequately communicate adequate warnings to Plaintiff of the potential risks and hazards associated with Vitamin Supplement use.

Atty. No.: 45776

28. Plaintiff would not have ingested the Vitamin Supplement had he received adequate warnings regarding the risks of ingesting Vitamin Supplement.

29. Defendant failed to provide timely and adequate warnings to consumers, including Plaintiff, in at least the following ways:

- a. Defendant failed to include adequate warnings and/or provide adequate clinically relevant information and data that would alert Plaintiff to the dangerous risks of Vitamin Supplement, including, among other things, that the ingredients contained arsenic, cadmium, and lead;

- b. Defendant failed to provide adequate post-marketing warnings and instructions after the Defendant knew or should have known of the significant risks of Vitamin Supplement, including, among other things, that the ingredients contained arsenic, cadmium, and lead;

- c. Defendant continued to promote and sell the Vitamin Supplement even after it knew or should have known of the unreasonable risks of developing severe injuries from ingestion of Vitamin Supplement; and

- d. Defendant failed to communicate both the risks of the Vitamin Supplement and that there existed safer and more or equally effective alternative products.

30. As a direct, foreseeable, and proximate result of Defendant's marketing, sale, and distribution of Vitamin Supplement in a defective condition due to inadequate warnings, Plaintiff was injured, sustained severe and permanent disfigurement, pain, suffering, disability, impairment, loss of enjoyment of life, and economic and pecuniary damages. Plaintiff suffered, and continues to suffer, injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

## COUNT 3
## STRICT PRODUCTS LIABILITY - DESIGN DEFECT

31. Plaintiff incorporates the preceding paragraphs of this Complaint.

32. Use of the Vitamin Supplement can cause severe injuries, including but not limited to, kidney and nerve damage.

6

Atty. No.: 45776

33. The Vitamin Supplement designed, manufactured, distributed, marketed, and sold by Defendant failed to perform safely when used as intended and several safer and equally or more effective alternatives to the Vitamin Supplement were available.

34. The Vitamin Supplement failed to perform as Plaintiff and ordinary consumers would expect when used in an intended or reasonably foreseeable manner, including when used by Plaintiff, because it caused medical injuries, including those suffered by the Plaintiff.

35. The risk of danger inherent in the design of the Vitamin Supplement outweighs the benefits of the design of the Vitamin Supplement.

36. As a direct, foreseeable, and proximate result of Defendant's design, marketing, sale, and distribution of Vitamin Supplement in a defective condition due to inadequate warnings, Plaintiff was injured catastrophically, sustained severe and permanent disfigurement, pain, suffering, disability, impairment, loss of enjoyment of life, and economic and pecuniary damages. Plaintiff suffered, and continues to suffer, injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

## COUNT 4
## NEGLIGENCE

37. Plaintiff incorporates the preceding paragraphs of this Complaint.

38. It was the duty of Defendant to use reasonable care in the design, manufacturing, marketing, distribution, and sale of the Vitamin Supplement.

    a. In disregard of its aforesaid duty, Defendant committed one or more of the following negligent acts or omissions:

    Manufactured the Vitamin Supplement in an unreasonable manner that did not comply with the intended design of the Vitamin Supplement;

    b. Manufactured, produced, promoted, formulated, created, developed, designed, sold, and distributed the Vitamin Supplement without thorough and adequate pre and post-market testing of the product;

Atty. No.: 45776

c. Manufactured, produced, promoted, advertised, formulated, created, developed, designed, and distributed the Vitamin Supplement while negligently and intentionally concealing and failing to disclose the risk of serious harm associated with the use of Vitamin Supplement;

d. Failed to undertake sufficient studies and conduct necessary tests to determine whether the Vitamin Supplement was safe for its intended or foreseeable uses;

e. Failed to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers, including Plaintiff that the Vitamin Supplement was unreasonably unsafe and unfit for use because of the product's defect and risk of harm to its users in the form of, but not limited to, the development of the injuries Plaintiff sustained;

f. Failed to warn Plaintiff and consumers that the product's risk of harm was unreasonable and that safer and effective alternative medications were available to Plaintiff and other consumers;

g. Failed to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would purchase, use, and consume the Vitamin Supplement;

h. Advertised, marketed and recommended the use of the Vitamin Supplement, while concealing and failing to disclose or warn of the dangers Defendant knew or should have known to be connected with, and inherent in, the use of the Vitamin Supplement;

i. Represented that the Vitamin Supplement was safe for its intended use when in fact Defendant knew and should have known the product was not safe for its intended purpose;

j. Failed to disclose to and inform consumers that other forms of safer and effective alternative vitamin supplements were available for use for the purpose for which Plaintiff purchased the Vitamin Supplement and for which the Vitamin Supplement was manufactured;

k. Continued to manufacture and sell the Vitamin Supplement with the knowledge that the Vitamin Supplement was unreasonably unsafe and dangerous;

l. Failed to use reasonable and prudent care in the design, research, manufacture, and development of the Vitamin Supplement to avoid the risk of serious harm associated with the use of the Vitamin Supplement;

m. Failed to design and manufacture the Vitamin Supplement so as to ensure

8

Atty. No.: 45776

      the product was at least as safe and effective as other vitamin supplements designed to treat the conditions for which Plaintiff purchased the Vitamin Supplement;

n.     Failed to ensure the Vitamin Supplement came with proper and accurate warnings about possible adverse side effects associated with the use of Vitamin Supplement and that use created a high risk of causing severe injuries, including kidney and nerve damage;

o.     Failed to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of Vitamin Supplement.

39.     As a direct, foreseeable, and proximate result of Defendant's negligence, Plaintiff was injured catastrophically, sustained severe and permanent disfigurement, pain, suffering, disability, impairment, loss of enjoyment of life, and economic and pecuniary damages. Plaintiff suffered, and continues to suffer, injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

## COUNT 5
## BREACH OF IMPLIED WARRANTY

40.     Plaintiff incorporates the preceding paragraphs of this Complaint.

41.     When Defendant designed, manufactured, marketed, distributed, and sold the Vitamin Supplement for use by Plaintiff, Defendant knew the use for which the Vitamin Supplement was intended and impliedly warranted that the Vitamin Supplement would be of merchantable quality and safe for such use. Defendant impliedly warranted to Plaintiff, among other things, that the Vitamin Supplement Plaintiff purchased and ingested was fit for the ordinary purposes for which the Vitamin Supplement is used, was adequately labeled, and conformed to the promises or affirmations of fact made on the label.

42.     Plaintiff relied on the skill and judgment of the Defendant in using the Vitamin Supplement.

Atty. No.: 45776

43. The Vitamin Supplement Plaintiff ingested was not merchantable because it was unreasonably dangerous.

44. The Vitamin Supplement Plaintiff ingested was not merchantable because it was not fit for the ordinary purpose for which such goods are used.

45. The Vitamin Supplement Plaintiff ingested was not merchantable because it was not adequately labeled.

46. The Vitamin Supplement Plaintiff ingested was not merchantable because it caused Plaintiff to develop severe injuries, including kidney and nerve damage.

47. As a direct, foreseeable, and proximate result of Defendant's breach of implied warranty, Plaintiff was injured catastrophically, sustained severe and permanent disfigurement, pain, suffering, disability, impairment, loss of enjoyment of life, and economic and pecuniary damages. Plaintiff suffered, and continues to suffer, injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

## COUNT 6
## BREACH OF EXPRESS WARRANTY

48. Plaintiff incorporates the preceding paragraphs of this Complaint.

49. Defendant made affirmations of fact and promises and described its goods to Plaintiff, specifically, Defendant expressly warranted that the Vitamin Supplement ingested by Plaintiff was safe and fit for use by consumers, that it was of merchantable quality, that its side effects were minimal and comparable to other medications used to treat conditions treated by the Vitamin Supplement, that it was adequately tested and fit for its intended use, and that it was as safe or safer than other alternative methods to treat Plaintiff's condition. These warranties were made through labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions, and other means.

Atty. No.: 45776

50. Defendant's foregoing affirmations, promise, and descriptions formed part of the basis of the bargain of Plaintiff' purchasing and ingesting the Vitamin Supplement.

51. Defendant breached its express warranty because the foregoing affirmations, promises, and descriptions were false in material respects as described in this Complaint.

52. At the time of making the express warranties, Defendant knew about the purpose for which Vitamin Supplement was to be used and warranted the same to be in all respects, fit, safe, and effective and proper for such purpose. The Vitamin Supplement was unaccompanied by adequate warnings of its dangerous propensities that were either known or knowable at the time of distribution.

53. Plaintiff reasonably relied on the skill and judgment of Defendant, and upon said express warranty, in using and prescribing the Vitamin Supplement. The warranty and representations were untrue in that the product was unsafe and thus unsuited for the use for which it was intended.

54. As a direct, foreseeable, and proximate result of Defendant's breach of express warranty, Plaintiff was injured catastrophically, sustained severe and permanent disfigurement, pain, suffering, disability, impairment, loss of enjoyment of life, and economic and pecuniary damages. Plaintiff suffered, and continues to suffer, injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income, and disability.

55. After Plaintiff was made aware or otherwise came to believe that the injuries discussed herein resulted from Vitamin Supplement, notice was duly given to Defendant of the breach of said warranty.

## COUNT 7
## NEGLIGENT MISREPRESENTATION/CONCEALMENT

56. Plaintiff incorporates the preceding paragraphs of this Complaint.

11

Atty. No.: 45776

57. As a consumer supplier, Defendant has and had an affirmative duty to warn the public of known risks associated with its products.

58. Defendant concealed adverse information and provided inaccurate or biased information that was material to the purchasing decisions of consumers, which misled consumers, including Plaintiff. This misleading information, along with omissions of material fact related to the Vitamin Supplement's safety and effectiveness, caused consumers, including Plaintiff, to be misled about the Vitamin Supplement's risks and benefits and consumers from making a proper risk/benefit assessment on the use of Vitamin Supplement.

59. Defendant has defrauded the consumers, including Plaintiff, in that it, among other acts: (a) negligently and carelessly concealed the Vitamin Supplement's inclusion of arsenic, cadmium, and lead as ingredients; (b) negligently and carelessly concealed the Vitamin Supplement's inclusion of arsenic, cadmium, and lead as ingredients at levels toxic to humans; (c) negligently and carelessly misrepresented the safety and efficacy of Vitamin Supplement; (d) negligently and carelessly misrepresented the safety and efficacy of the Vitamin Supplement through its sales force; (e) negligently and carelessly denied the Vitamin Supplement's association with severe injuries, including kidney and nerve damage; and (f) negligently and carelessly misrepresented the risk of severe injuries, including kidney and nerve damage, related to use of Vitamin Supplement.

60. When said representations and/or omissions were made by Defendant, it knew those representations and/or omissions to be false, or negligently disregarded whether the representations and/or omissions were true. These representations and/or omissions were made by Defendant intending to induce the public, including Plaintiff, to purchase and use the Vitamin Supplement.

Atty. No.: 45776

61. When the aforesaid representations and/or omissions were made by Defendant, and when Plaintiff ingested Vitamin Supplement, he was unaware of the falsity of said representations and/or omissions and reasonably relied on Defendant's assertions, promulgated through its sales tactics, that the product was safe and effective when, in fact, it was not.

62. Relying on said representations and/or omissions, Plaintiff purchased Vitamin Supplement and Plaintiff ingested Vitamin Supplement. Had the Plaintiff been made aware of Vitamin Supplement's risks, he would not have purchased the product.

63. Had the Plaintiff known of the actual dangers of Vitamin Supplement, he would not have ingested Vitamin Supplement.

64. Defendant's motive in failing to advise the public of Vitamin Supplement's risks of causing severe injuries, including kidney and nerve damage, was for financial gain.

65. At all times herein mentioned, the actions of Defendant, its agents, servants, and/or employees were negligently wanton, grossly negligent, or reckless and demonstrated a complete disregard and reckless indifference to the safety and welfare of Plaintiff in particular and to the public in that Defendant did negligently or willfully and knowingly place the dangerous and defective Vitamin Supplement on the market with the specific knowledge that it would be sold to and used by members of the public and without adequate instructions for use.

66. As a direct and proximate result of Defendant's negligent actions, omissions, and misrepresentations, Plaintiff suffered physical injury, harm, damages, economic and non-economic loss, and will continue to suffer such harm, damages, and losses in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant for a monetary award in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

FILED DATE: 5/10/2019 12:56 PM    2019L005120

Atty. No.: 45776

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**    TORHOERMAN LAW LLC

Dated: May 10, 2019

_____
Eric Terry, #6282169
TORHOERMAN LAW LLC
210 South Main Street
Edwardsville, IL 62025
Phone: (618) 656-4400
Fax:    (618) 656-4401
E-Mail: eric@thlawyer.com

Atty. No.: 45776

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| HARVEY MAHLER, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: |
| ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| THE VITAMIN SHOPPE INDUSTRIES, ) | |
| INC., ) | |
| ) | |
| Defendants. | |

FILED DATE: 5/10/2019 12:56 PM 2019L005120

### AFFIDAVIT OF DAMAGES
### SUPREME COURT RULE 222

**THE UNDERSIGNED** being first duly sworn upon oath, deposes and states that the money damages sought in this cause of action does exceed $50,000.00.

**Respectfully submitted,**     **TORHOERMAN LAW LLC**

Dated: May 10, 2019

Eric Terry, #6282169
TORHOERMAN LAW LLC
210 South Main Street
Edwardsville, IL 62025
Phone: (618) 656-4400
Fax:    (618) 656-4401
E-Mail: eric@thlawyer.com